51 F.3d 266
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jerry Albert GARLAND, Plaintiff-Appellant,
v.
Lawrence SIMPSON, Sheriff; J. Catland, Deputy; C. Quarles,
Deputy, Defendants-Appellees.
 No. 94-7281.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 21, 1995.
Decided: April 11, 1995.
 
 Jerry Albert Garland, Appellant Pro Se. William Sampson Kerr, Appomattox, VA, for Appellees.
 Before HALL, MURNAGHAN, and MICHAEL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jerry Albert Garland appeals from a district court order dismissing Defendant Sheriff Simpson and granting judgment in favor of Defendant Deputy Sheriffs Quarles and Catlin* on Garland's 42 U.S.C. Sec. 1983 (1988) excessive force claim. After reviewing the evidence presented at trial, we affirm.
 
 
 2
 The magistrate judge granted summary judgment for the Defendants, and we vacated that order, finding that a genuine issue of material fact precluded summary judgment. Garland v. Catland, No. 94-6126 (4th Cir. June 21, 1994) (unpublished). On remand, the magistrate judge conducted a bench trial with the consent of the parties. 28 U.S.C. Sec. 636(c) (1988). At trial, the testimony of Defendants Quarles and Catlin showed that the use of a chemical spray was justified in breaking up a fight, while the testimony of Garland and the other inmate involved in the fight showed that the use of chemical spray was not justified. Only the four testified, and the district court found that they were all credible.
 
 
 3
 The district court dismissed Sheriff Simpson because there was no evidence regarding any involvement on his part in the events leading to this lawsuit. We affirm the dismissal of Simpson on that ground.
 
 
 4
 The district court then found the evidence in equipoise regarding whether the Defendant Officers used excessive force in quelling the disturbance in Garland's cellblock. The district court held that this balance of the evidence mandated judgment for Defendant, because Garland failed to prove his case by a preponderance of the evidence, as was his burden. See Concrete Pipe & Prods. v. Construction Laborers Pension Trust, 61 U.S.L.W. 4611, 4616 (U.S.1993) (defining preponderance of evidence). We discern no error in this finding.
 
 
 5
 Therefore, we affirm the district court's judgment order in favor of Defendants. We deny Garland's motion for production of a transcript at Government expense and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Plaintiff spelled Catlin's name "Catland," and the caption reflects Plaintiff's spelling